UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANE RYAN GAGE,

    Plaintiff,

v.                                                Case No. 18-C-240

KATHERINE ZANON, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Shane Ryan Gage, who is currently serving a state prison sentence at Oshkosh Correctional Institution (OCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On March 1, 2018, the court dismissed Plaintiff's 21-page complaint, finding that it violated Federal Rules of Civil Procedure 18(a) and 20. The court directed Plaintiff to file an amended complaint that complied with the Federal Rules of Civil Procedure within 30 days. Presently before the court is Plaintiff's motion for leave to file an amended complaint, which was filed eight days after the court-imposed deadline. Plaintiff asserts that the OCI employee responsible for e-filing documents was unable to file his amended complaint by April 1, 2018. Although the court will grant Plaintiff's motion and screen the amended complaint pursuant to 28 U.S.C. § 1915A, the court notes that Plaintiff's failure to make timely submissions in the future may result in the dismissal of this action for failure to prosecute.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS IN THE COMPLAINT

Plaintiff has voluntarily dismissed 26 of the 35 defendants he named in the original complaint. He now asserts that defendants Katherine Zanon, Amy Karn, Kimberly McKown-Walters, Brittany Rysdam, Sergeant O'Connor, Lori Adams, H. Wohlers, Robert DeYoung, and Warden Smith violated his constitutional rights.

In March 2012, Plaintiff was transferred to Dodge Correctional Institution after he was charged with domestic aggravated battery. Plaintiff alleges the state court deferred final judgment pending an investigation into whether Plaintiff's offense was sexually motivated. On April 23, 2012,

Dr. Robert DeYoung classified Plaintiff as a Sex Offender–4 (SO-4), which requires long-term intensive treatment for high-risk inmates. Plaintiff asserts he was classified as a sex offender despite "incomplete sentencing" in state court. He claims the state court issued a decision and order on July 26, 2012, noting that Plaintiff's offense was not sexually motivated.

On January 15, 2015, Plaintiff was transferred to Oshkosh Correctional Institution. On April 8, 2016, the program review committee reviewed Plaintiff's sex offender treatment needs. In early June 2015, Plaintiff was moved to the "K" building, the sex offender treatment and housing unit. He was subsequently removed from the "K" building on June 24, 2015. On June 28, 2016, Dr. Wohler, a psychologist at OCI, interviewed Plaintiff regarding sex offender treatment and rejected Plaintiff's request to participate in SO-4 treatment. Dr. Zanon, the Chief Psychologist at OCI, approved Dr. Wohler's sex offender treatment decision.

On March 24, 2017, Dr. Zanon told Plaintiff to stop contacting herself and Dr. McKown-Walters regarding Plaintiff's treatment needs. Dr. Zanon issued Plaintiff a conduct report on June 23, 2017 for "disobeying orders" and "disrespect" because Plaintiff continued to contact her regarding his SO-4 treatment. The program review committee held another hearing regarding Plaintiff's treatment needs on July 17, 2017. Social Worker Rysdam prepared a report for the hearing, indicating that Plaintiff has refused SO-4 treatment "numerous times." ECF No. 13-1 at 6. Plaintiff asserts that his lack of treatment should be attributed to Dr. Wohler and Dr. Zanon's decision to prevent Plaintiff from participating in treatment.

**THE COURT'S ANALYSIS**

Plaintiff claims his sex offender classification violates the Due Process Clause of the Fourteenth Amendment. The Fourteenth Amendment prohibits states from depriving "any person

3

of life, liberty or property without due process of law." U.S. Const. Amend. XIV. "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). Liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in retaliation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

Here, Plaintiff does not enjoy a liberty interest in avoiding sex offender classification. In reaching this conclusion, I adopt Judge Crabb's thorough and well-reasoned discussion of this very issue in *Grenier v. Frank*, No. 05-C-181-C, 2005 WL 2076432 (W.D. Wis. Aug. 25, 2005). As Judge Crabb pointed out, merely labeling an inmate as a sex offender is insufficient to affect a liberty interest. *Townsend v. Vallas*, 256 F.3d 661, 669 (7th Cir. 2001) (citing *Paul v. Davis*, 424 U.S. 693, 708–10 (1976) (to give rise to liberty interest, harm inflicted to reputation must be coupled with change in legal status)). In addition, an inmate does not have a liberty interest in avoiding sex offender classification in prison and being required to participate in sex offender treatment programs. As Judge Crabb also explained in *Jones v. Puckett*,

> It is common for persons entering prison to have an evaluation of the reasons for their criminal behavior and their treatment needs, for the resulting evaluations to be recorded in their records and for the authorities who make programming and parole decisions to base their decisions in whole or in part on their sense of the effort a particular inmate has made to confront the problems that have been identified as contributing to his criminal conduct. Because it is common procedure, plaintiff cannot argue that his evaluation and identification as a person in need of sex offender treatment is the "atypical and significant hardship on the inmate" that creates a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) ("[Liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in retaliation to the ordinary incidents of prison life.").

4

160 F. Supp. 2d 1016, 1023 (W.D. Wis. 2001) (internal citations omitted). Plaintiff has stated no cognizable claim that his due process rights are violated as a result of his classification as a level four sex offender and the state's requirement that he participate in sex-offender treatment. In fact, Plaintiff recognizes that he has no inherent right to treatment or early release. ECF No. 13-1 at 6; *see* Wis. Stat. 604.06(1)(b). In sum, Plaintiff has failed to state a claim that the defendants violated his Fourteenth Amendment due process rights.

Plaintiff alleges his due process rights were further violated because he was unable to sufficiently challenge the imposition of the sex offender label. While the Seventh Circuit has not indicated what proceedings are necessary to satisfy an inmate's due process rights in challenging his sex-offender classification, other courts have found that an inmate does not have a constitutional right to appeal his classification in a prison administrative proceeding. *See, e.g.*, *Mariani v. Stommel*, 251 F. App'x 536, 541 (10th Cir. 2007). Even if Plaintiff's sex-offender classification required some due process, Plaintiff's allegations show that he received adequate process on April 8, 2016 and again on July 17, 2017 when the program review committee held hearings regarding Plaintiff's treatment program needs. These hearings were sufficient to meet the demands of due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

Plaintiff further asserts that, as a result of his level four sex-offender classification, he was housed in the sex offender unit with dangerous individuals in violation of his "Equal Protection and First Amendment rights." However, "the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Here, Plaintiff alleges that he was transferred to the sex offender unit because of his SO-4 classification, not for punitive reasons. In short, Plaintiff has failed to state an equal protection claim.

5

Plaintiff also asserts the defendants were deliberately indifferent to his treatment needs. The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Because Plaintiff has not alleged that these defendants were deliberately indifferent to a medical need, he has not stated an Eighth Amendment claim. To the extent Plaintiff asserts the defendants violated his due process by removing him from treatment programs, the Seventh Circuit has recognized that prisoners do not have a liberty interest in receiving or participating in treatment programs. *See Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000) (noting that "admission to [sex offender prison] programs cannot be described as a liberty or property interest"); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (holding that prisoners have no liberty interest in "social and rehabilitative activities"). Therefore, Plaintiff has not stated a claim against the defendants regarding his inability to enroll in sex offender treatment programs.

Plaintiff further alleges that Warden Smith failed to investigate his grievances, but the failure to investigate an inmate's complaints does not make an official liable for damages under § 1983. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Because Plaintiff does not allege that Smith participated in a constitutional deprivation regarding his sex offender classification, his failure to investigate claim must be dismissed.

He has also failed to state a retaliation claim against Smith. To state a First Amendment retaliation claim, Plaintiff must allege that (1) he engaged in activity protected by the First

6

Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take retaliatory action. *See Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Plaintiff contends Smith "threatened" to punish Plaintiff for "lying about staff." ECF No. 13-1 at 11. Threats of punishment, however, are not sufficient to establish that Plaintiff suffered a deprivation that would likely deter First Amendment activity in the future. Therefore, Plaintiff's retaliation claim against Smith will be dismissed.

Plaintiff has stated a retaliation claim against defendant Zanon, however. He alleges Zanon retaliated against him by issuing a conduct report after he continued to complain to her about his sex offender classification. It may be that Zanon issued the conduct report only after Plaintiff made repeated contacts with the psychiatric department asserting the same complaint about his SO-4 classification, which one would not ordinarily consider to be retaliatory. Even courts sanction individuals who persistently submit unreasonably repetitious and incessant filings. *See Support Sys. Intern., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Based on the record before me, however, the amended complaint has specified the bare minimum necessary to notify Zanon of the nature of Plaintiff's retaliation claim. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). In short, Plaintiff may proceed on this claim against Zanon.

The amended complaint names Lori Adams as a defendant. The court will dismiss her as a defendant as Plaintiff's amended complaint does not contain any allegations against her.

### MOTION FOR CLASS OF ONE CERTIFICATION AND TO APPOINT COUNSEL

On February 14, 2018, Plaintiff filed a motion to certify a class of one and to appoint counsel. Plaintiff seeks class of one certification because he disagrees with his classification as a level four sex

7

offender. "[T]o make out a prima facie case [in a 'class of one' equal protection case] the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Byers v. Ill. State Police*, No. 99-C-8105, 2000 WL 1741723, at *3 (N.D. Ill. Nov. 22, 2000). Although Plaintiff asserts he has been treated differently by the defendants and that their treatment has been detrimental to his rehabilitative needs, he has not alleged any "intentionally discriminatory treatment lacking a rational basis." *Jordan v. Cockroft*, 490 F. App'x 813, 815 (7th Cir. 2012) (citing *Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887, 889 (7th Cir. 2012)). In addition, class of one claims are generally not applicable to governmental action that is "the product of a broadly discretionary decision-making process." *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008). For these reasons, Plaintiff's motion for class of one certification is denied.

Plaintiff also requests that the court appoint counsel for him in this case. Civil litigants do not have a constitutional right to have an attorney represent them. *Jackson v. Cty. of McLean*, 952 F.2d 1070, 1071 (7th Cir. 1992). The legal standard for deciding motions to recruit counsel under § 1915(e)(1) in the Seventh Circuit requires the district court to consider the difficulty of the case and the pro se plaintiff's competence to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Id.* at 654. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). Here, Plaintiff has not met the threshold burden because he has not attempted to recruit counsel on his own.

Even if Plaintiff had made a reasonable attempt to recruit counsel, he has not alleged that he is incompetent and has provided no specific evidence to support a finding that he lacks the competency to litigate this action himself. Plaintiff asserts that appointed counsel would be better suited to assist him in obtaining discovery, but this fact alone is insufficient to justify the appointment of counsel. Were this the case, every pro se litigant would be entitled to free legal representation. The difficulty of this case—both factually and legally—does not exceed Plaintiff's capacity to litigate this action. Plaintiff's presentation of the facts in his amended complaint was significantly above the average pro se litigant's capabilities. The court finds that Plaintiff is not entitled to court-recruited counsel at this time. The court will give further consideration to Plaintiff's request as the case proceeds. At this time, however, Plaintiff's request for appointed counsel is denied without prejudice.

## Conclusion

The court finds that Plaintiff may proceed on a retaliation claim against Zanon. All other claims are dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 13) is **GRANTED**. The Clerk of Court is directed to detach and docket the amended complaint (ECF No. 13-1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to certify class of one and to appoint counsel (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Judy Smith, Amy Karn, Kimberly McKown-Walters, Brittany Rysdam, Kathy Sabel, O'Connor, Adams, Todd Gillingham, T Murphy, M Treder, M Skinner, Lawrence, Neyhard, Amanda Bunke, H Wohlers, Sgt. Neau, Hans Kuster, Lt. Eric Henslin,

9

Camarano, R. Mohnen, T. Tess, Sheri Fromholz, Amy Woolfe, Heath Tomlin, Klapper, Tony, S. Klinger, B. Racette, Jennifer Delvaux, Robert DeYoung, Warden of Dodge Correctional Institution, Daniel Hueneke, Kari Evans, and Hope Hanson are dismissed as defendants in this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this __19th__ day of April, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court