UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANE RYAN GAGE,

    Plaintiff,

v.                                                            Case No. 18-C-240

DR. KRISTINE ZANON,

    Defendant.

## DECISION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Shane Ryan Gage, who is currently serving a state prison sentence at Oshkosh Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Dr. Kristine Zanon violated his civil rights. Plaintiff alleges Defendant retaliated against him by issuing him a conduct report after he continued to complain to her about his sex offender classification. Presently before the court is Defendant's motion for summary judgment. Defendant asserts Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). Plaintiff has not responded to the motion for summary judgment, and the time to do so has passed. For the following reasons, Defendant's motion will be granted and the case will be dismissed.

## BACKGROUND

Because Plaintiff did not respond to the motion for summary judgment, Defendant's proposed findings of fact (ECF No. 30) are deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); Civil L.R. 56(b)(4) ("The Court will deem

uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment."). At all times relevant to this matter, Plaintiff was incarcerated at the Oshkosh Correctional Institution.

On June 22, 2017, the Institution Complaint Examiner's office received offender complaint OSCI-2017-15912, wherein Plaintiff complained that Defendant prohibited him from receiving sex offender treatment that she indicated he needed. In the complaint, Plaintiff requested the removal of any sex offender treatment assignment altogether and to change his sex offender classification from S.O. 4 to S.O. 2. Institution Complaint Examiner Gillingham rejected the offender complaint on July 20, 2017, noting that the issue raised by Plaintiff for removal or change of a program need was outside the scope of the inmate complaint review system (ICRS). The inmate complaint rejection form Plaintiff received advised that his complaint had been rejected and that he could appeal the rejection of the complaint within 10 calendar days to the appropriate reviewing authority. Plaintiff did not appeal the rejection of the complaint.

On June 22, 2017, Plaintiff received Conduct Report #2951913, for violation of Wis. Admin. Code §§ DOC 303.28, Disobeying Orders, and DOC 303.29, Disrespect. Plaintiff claims he received this conduct report in retaliation for his continued complaints to Defendant about his sex offender classification. At the disciplinary hearing for Conduct Report #2951913, held on July 10, 2017, the disciplinary committee found Plaintiff guilty of disobeying orders and disrespect. Plaintiff did not appeal the decision of the disciplinary committee to the Warden.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of showing that there are no facts to support

the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "Material" means that the factual dispute must be outcome-determinative under the law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the nonmoving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The moving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Defendant maintains that Plaintiff has failed to exhaust his administrative remedies. The PLRA provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A plaintiff's failure to properly exhaust each step of the process constitutes a failure to exhaust

3

available administrative remedies. *Id.* The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The purpose of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin Code § DOC 310.01. Under the ICRS, an inmate must file a complaint with the institutional complaint examiner (ICE) within 14 calendar days after the events giving rise to the complaint occur, unless good cause exists to excuse a delay. *Id.* § DOC 310.07(2). The ICE has the authority to return, investigate, or reject the complaint. *Id.* § DOC 310.10. The inmate may appeal the rejection of the complaint to the appropriate reviewing authority within 10 calendar days. *Id.* § DOC 310.10(10). After receiving an appeal, the corrections complaint examiner recommends a decision to the DOC Secretary, who adopts or rejects the recommendation. *Id.* §§ DOC 310.12; DOC 310.13. The failure to properly exhaust each step of the grievance process constitutes a failure to exhaust administrative remedies. *Pozo*, 286 F.3d at 1025.

Defendant asserts Plaintiff failed to exhaust his administrative remedies because he did not exhaust the disciplinary process related to the conduct report. *See* Wis. Admin. Code § DOC

4

310.06(2)(b) ("An inmate may raise issues, including civil rights claims, through the ICRS regarding . . . disciplinary actions . . . only after exhausting . . . [t]he disciplinary appeal process under ch. DOC 303."); *see also Baker v. Faltynski*, No. 12-cv-125-wmc, 2014 WL 713132, at *4 (W.D. Wis. Feb. 25, 2014) (finding lack of exhaustion because plaintiff failed to appeal a related conduct report). Defendant contends that, because Plaintiff's retaliation claim is "related to" the conduct report he received, Plaintiff was required to fully exhaust the process by appealing the decision of the disciplinary committee to the Warden. To the extent the ICRS could have been an avenue for exhaustion, Defendant argues Plaintiff's claim would fail because he did not comply with Wisconsin's inmate grievance system.

There is no evidence in the record that Plaintiff exhausted the disciplinary process in accordance with Chapter DOC 303 or submitted an inmate complaint relating to his retaliation claim. Although Plaintiff filed an institutional complaint asserting that Defendant prohibited him from receiving sex offender treatment, the complaint does not address Defendant's purported retaliation. Plaintiff did not appeal the rejection of this complaint in any event. In short, the court finds that Plaintiff did not complete the grievance process as required by § 1997e(a). When the failure to exhaust is the prisoner's fault, his claim must be dismissed. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Accordingly, the court will grant Defendant's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (ECF No. 27) is **GRANTED** and the case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this   9th   day of November, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court